993 F.2d 883
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dwayne McELWEE, Petitioner-Appellant,
v.
John M. RATELLE, Warden; Attorney General of California,
Respondents-Appellees.
 No. 92-55413.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 9, 1993.*
Decided May 19, 1993.
 
 1
 Before: NOONAN and LEAVY, Circuit Judges, and FITZGERALD,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Dwayne McElwee appeals from the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2253. He claims his federal constitutional rights were violated because his guilty plea was not knowing and voluntary. He claims his plea was based upon his counsel's gross misrepresentations as to his sentence should he plead guilty. McElwee requests that his case be remanded to federal district court for an evidentiary hearing on the constitutional validity of the guilty plea.
 
 
 4
 The basis for McElwee's complaint is that his attorney, Mr. Lloyd, assured him that if he pleaded guilty to second-degree murder, he would be placed on probation for five years if he received a favorable diagnostic report. McElwee claims Lloyd told him that if he did receive time, he would get a work furlough. McElwee also claims Lloyd told him not to tell the court about these promises or the court would not accept his plea. McElwee produced the statements of two witnesses who corroborate McElwee's story.
 
 
 5
 McElwee does not accuse Lloyd of lying; rather, he accuses Lloyd of being wrong as to what McElwee's sentence would be. McElwee's declaration acknowledges that Lloyd's representation was equivocal in that he might have to serve time.
 
 
 6
 The record indicates that the court required the deputy district attorney, Mr. Fork, to inform McElwee in open court of all the rights he was waiving by pleading guilty. Fork addressed McElwee personally at length regarding the rights McElwee was waiving. Thereafter, and before accepting McElwee's guilty plea, the court informed McElwee:
 
 
 7
 And I want it to be clear in your mind, Mr. McElwee, that the court is not binding itself to any particular sentence or form of sentence; that the court will be guided by the circumstances of this case, the probation report, and the report from the Department of Corrections under Section 1203.03 in deciding what sentence to impose upon you, and the only limitation upon this court will be that it is a second degree murder and the maximum punishment will be a possibility of 15 years to life.
 
 
 8
 You understand that?
 
 
 9
 Excerpt of Record at 10-11 (Reporter's Transcript of the Guilty Plea Hearing, No. A621815, filed March 16, 1984). To all the questions from Fork and the court, McElwee stated in substance that his plea was given voluntarily and knowingly and that he understood the nature of the charge and the consequences of the plea, including the possible sentence.
 
 
 10
 Now, McElwee is challenging the truthfulness of what he told the court. McElwee did not receive a good diagnostic report, which was Lloyd's stated condition for receiving probation. Instead, the diagnostic report recommended that McElwee receive a prison sentence. McElwee has not shown that his attorney's representations were wrong; rather, we know that the required condition was not met.
 
 
 11
 We distinguish this case from Blackledge v. Allison, 431 U.S. 63 (1977). In Blackledge, the petitioner was led to believe and did believe that his attorney had talked his case over with the prosecutor and the judge, and that he would receive a certain sentence in return for taking a plea of guilty. 431 U.S. at 68-69. The petitioner also alleged, as does McElwee, that his attorney instructed him to deny the existence of any promises in open court. Id. at 70. The court instructed, and the petitioner agreed, as to all the rights he was giving up with a guilty plea. The court instructed the petitioner as to what the maximum sentence could be and the petitioner acknowledged it. Id. at 67-68 n. 1. Here, however, McElwee does not claim his attorney represented to him that any agreement had been reached with the judge or the prosecutor. If McElwee harbored such a belief, it would have been dispelled by the judge's remarks at the hearing on the guilty plea.
 
 
 12
 In Blackledge, the petitioner was asked simply: "Has the Solicitor, or your lawyer, or any policeman, law officer or anyone else made any promises or threat to you to influence you to plead guilty in this case?" 431 U.S. at 67 n. 1. Here, the prosecutor asked McElwee a much more specific question:
 
 
 13
 Has anyone made any promise to you in order to get you to plead guilty other than the fact that the charge would be reduced from first degree to second degree murder thereby reducing the possible imprisonment, and also the fact that the prosecution, if you plead guilty, would be willing to strike the [gun] use allegation which would remove a bar to the judge with regard to sentencing you to state prison, has anyone made any promises to you in order to get you to plead guilty in this case?
 
 
 14
 THE DEFENDANT: No, sir.
 
 
 15
 MR. FORK: You understand that if you plead guilty to the charge of second degree murder, that carries with it a prison term of from 15 years in prison up to life; understand that?
 
 
 16
 THE DEFENDANT: Yes, sir.
 
 
 17
 Excerpt of Record at 6.
 
 
 18
 Where a voluntary guilty plea is challenged, a contention that a sentence was other than what petitioner bargained for "will entitle a petitioner to an evidentiary hearing only in the most extraordinary circumstances." Blackledge, 431 U.S. at 80, n. 19. Here, where the promise made was conditional; where every opportunity was given McElwee to acknowledge his understanding of the promise; and where McElwee was informed by both the prosecutor and the judge of the maximum possible sentence, we conclude that the required "extraordinary circumstances" that warrant a hearing are not present.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3